UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rehbein Environmental Solutions, Inc., and
Mark Rehbein,

        Plaintiffs,

v.                                              Civil No. 12-709 (JNE/JJK)
                                                      ORDER

Epic Green Holdings,

        Defendant.

Rehbein Environmental Solutions, Inc., and Mark Rehbein brought this action against Epic Green Holdings for patent infringement, breach of contract, and violations of Minn. Stat. § 181.14 (2010). Epic Green Holdings moved to dismiss for improper venue, *see* Fed. R. Civ. P. 12(b)(3), or to transfer venue, *see* 28 U.S.C. § 1404(a) (2006 & Supp. V 2011). For the reasons set forth below, the Court denies Epic Green Holdings' motion.[1]

On October 6, 2010, Rehbein Environmental Solutions and Epic Green Holdings entered into an Asset Transfer Agreement, and Epic Green Holdings and Mark Rehbein entered into an Executive Employment Agreement. Under the Asset Transfer Agreement, Rehbein Environmental Solutions transferred its rights to certain patents and other intellectual property to Epic Green Holdings in exchange for $2.3 million and royalties, and the parties agreed that "any dispute or difference arising between [them] out of or relating to [the] Agreement or to the breach thereof" could be submitted to arbitration or "to the jurisdiction and venue of the state and federal courts located in the State of Delaware, to the exclusion of all other courts." Under the Executive Employment Agreement, Epic Green Holdings agreed to employ Mark Rehbein for three years, the parties agreed that "[a]ny legal proceeding related to [the] Agreement shall be

---

[1]     The Court has not considered the materials that Epic Green Holdings filed several weeks after the deadline to file a reply had passed.

1

brought in an appropriate state court situated in Hennepin County, Minnesota or any Federal court situated in Hennepin County, Minnesota," and the parties "consent[ed] to the exclusive jurisdiction of the courts of the state of Minnesota for this purpose."

After Epic Green Holdings allegedly failed to make payments, Mark Rehbein and Rehbein Environmental Solutions terminated their relationships with Epic Green Holdings in October 2011. A couple of days later, the parties resolved their dispute subject to the conditions set forth in a document titled "RESI v. EGH TERMS." Briefly summarized, the nine paragraphs of the Terms contained the following provisions: (1) Rehbein Environmental Solutions withdrew a termination e-mail; (2) Epic Green Holdings agreed to wire $184,000 to Rehbein Environmental Solutions by 5 p.m. on October 24, 2011; (3) Epic Green Holdings agreed to pay $50,000 per month starting December 6, 2011, for overdue and future license fees until the original license agreement was paid in full; (4) Epic Green Holdings agreed to pay outstanding invoices; (5) Epic Green Holdings agreed to establish its subsidiary; (6) a failure "to comply with any of these terms" rendered "this 'refinancing arrangement' . . . void and cancelled," rendered all sums owed to Rehbein Environmental Solutions due immediately, and gave Epic Green Holdings no opportunity to cure; (7) the parties agreed that Minnesota law governed the "refinancing arrangement"; "[a]ny claims arising out of or relating to this arrangement, the other contracts, or [the parties'] business relationship shall be brought exclusively in state or federal court in Hennepin County, Minnesota"; Epic Green Holdings "consent[ed] to jurisdiction there and waive[d] any right to challenge jurisdiction or venue"; (8) "[t]he provisions in the contracts between the parties that are not inconsistent with the above remain in force"; and (9) Rehbein Environmental Solutions agreed to sign documents prepared by Epic Green Holdings.

Epic Green Holdings made the payment required by paragraph 2 of the Terms. Claiming that Epic Green Holdings failed to make other required payments, Rehbein Environmental Solutions and Mark Rehbein terminated their relationships with Epic Green Holdings in March 2012. This action followed.

Epic Green Holdings asserts that the action should be dismissed for improper venue or transferred to the United States District Court for the District of Delaware because the forum-selection clause of the seventh paragraph of the Terms is inapplicable. Epic Green Holdings reasons that the parties did not reduce the Terms to an executed agreement, that the alleged breach of the Terms renders the Terms void, and that the Asset Transfer Agreement's forum-selection clause controls.

A signed, written agreement is not necessarily required to form a contract:

> When contracting parties make the reduction of their agreement to writing and its signature by them a condition precedent to its completion, there will be no contract until that is done, and this is true although all the terms have been agreed upon. But where the parties have assented to all the essential terms of the contract and proceed to perform in reliance upon it, the mere reference to a future contract in writing will not negative the existence of the present, binding contract.

*Asbestos Prods., Inc. v. Healy Mech. Contractors, Inc.*, 235 N.W.2d 807, 809 (Minn. 1975). According to the declaration of Charlie Fleifel, Epic Green Holdings' chairman of the board and chief executive officer, "[i]t was always contemplated and agreed that the Terms would not be final until an agreement was signed." Fleifel cited two e-mails in which Mark Rehbein's attorney mentioned an agreement to be signed later. Nothing in the e-mails indicates that a signed agreement was a condition precedent to an agreement. The Terms itself does not indicate that a signed agreement was a condition precedent. Rehbein Environmental Solutions withdrew a termination e-mail and Epic Green Holdings agreed to make—and did make—a substantial payment before an agreement—that Epic Green Holdings was to prepare but did not—was

signed. It is undisputed that the parties agreed to the Terms. Their contemplation of the reduction of the Terms to a signed agreement does not absolve Epic Green Holdings of the agreement it reached.

Next, relying on the sixth paragraph of the Terms and the alleged breach of the Terms, Epic Green Holdings asserts that the Terms is void. Because the Terms is void, Epic Green Holdings argues, its forum-selection clause does not apply. Instead, Epic Green Holdings maintains that the Asset Transfer Agreement's forum-selection clause applies. Without expressing any opinion as to whether the Terms is void, the Court rejects Epic Green Holdings' argument that the forum-selection clause of the Terms does not apply:

> Finally, plaintiffs assert that the forum selection clause cannot be given effect because it is included within a contract that is void as a matter of law. Specifically, the plaintiffs maintain that the purchase agreements are void as illegal gambling contracts under Alabama law and because the forum selection clause is included within those agreements, it also is void. We do not agree. A forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained.

*Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1237-38 (11th Cir. 2011); *cf. Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) ("The general allegation by Marano that it was induced by fraud to enter into the franchise and development agreements is insufficient to raise an issue that the forum-selection clauses within those agreements may be unenforceable because of fraud . . . .").

"'Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching.'" *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, No. 11-1315, 2012 WL 3641480, at *5 (8th Cir. Aug. 27, 2012) (quoting *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999)). In the Terms, Epic Green Holdings agreed that claims arising out of its agreements with Rehbein Environmental Solutions and Mark Rehbein would proceed in state or federal court in Minnesota. Moreover, Epic Green

4

Holdings waived its right to challenge venue. It has not demonstrated that the forum-selection clause is unjust, unreasonable, or invalid. Nor has Epic Green Holdings shown that the convenience of the parties, the convenience of the witnesses, and the interest of justice favor transfer of this case to the District of Delaware. *See* 28 U.S.C. § 1404(a). The Court therefore denies Epic Green Holdings' motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Epic Green Holdings' motion to dismiss for improper venue or to transfer venue [Docket No. 4] is DENIED.

Dated: September 5, 2012

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge